# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEAN FINN,<br><br>　　　　Defendant. | Case No. 17-cr-0190 BLF<br><br>**DETENTION ORDER**<br><br>Hearing: 10/13/2023 |

　　In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on October 13, 2023, held a hearing to determine detention or release on supervisory conditions for defendant Sean Finn.  Finn is charged in this case with violating the terms of his supervised release, arising from an underlying conviction and sentence for being a felon in possession of a firearm. The defendant appeared at the hearing with AFPD Varell Fuller, with all parties and counsel (AUSA Sarah Griswold, specially appearing) appearing personally before the Court.  U.S. Probation Officer Cardenas was present and argued in favor of detaining the defendant.  Finn presented testimony from proposed surety Susan Finn (mother of the accused), Finn himself, and friend Brian Evans; and presented an admission

letter to the Salvation Army 6-month residential drug treatment program in San Jose.

Under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. §3143(a), the defendant charged with violation of supervised release has the burden of establishing by "clear and convincing evidence" that he or she will not flee or pose a danger to any other person or to the community. Here, Finn did not establish evidence to overcome this burden. The Court considered release to the Salvation Army program, with a surety and electronic monitoring, as requested by Finn, and is persuaded that Finn needs substance abuse treatment and would benefit from a mental health evaluation. The Prosecution and Probation Officer each recommended detention. Ultimately, despite Finn's statement and familial and friend support, the Court concludes that no combination of conditions may presently be imposed that would mitigate the risks of non-appearance and danger to the community. Consequently, the Court orders the defendant Finn to be detained. The factors that establish risk of non-appearance and dangerousness: (1) there is an active arrest warrant out of state court; (2) there is a possibility that Finn would be detained or jailed now or in the future in the state court case; (3) it is alleged that Finn in August 2023 fled on foot to avoid arrest; (4) his very recent poor performance on community supervision (repeated failures to participate in drug tests; failures to communicate with Probation; and new crimes alleged while on supervision); and (5) his overall criminal record and record of performance while on community supervision. A status hearing is scheduled before Judge Freeman on November 21, 2023, at 9:00 a.m. in San Jose.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: October 13, 2023

_____
Nathanael M. Cousins
United States Magistrate Judge